FILED
United States Court of Appeals
Tenth Circuit

October 25, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS HUMBERTO REYNOZA-
MALDONADO,

Defendant-Appellant.

No. 06-2204

(D. of N.M.)

(D.C. No. CR-06-699-MCA)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Carlos Humberto Reynoza-Maldonado pleaded guilty to reentry by a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). He was sentenced to 37 months imprisonment. On appeal to this court, Reynoza-Maldonado's counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating her belief

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

that the defendant possessed no meritorious issues to appeal. The government did not submit a brief. Reynoza-Maldonado was given time to file additional arguments with this court, but has failed to do so. *See Anders*, 386 U.S. at 744. After independently reviewing the record, we agree that Reynoza-Maldonado has no legally non-frivolous issues to appeal. His guilty plea was validly given and he has waived his right to challenge the sentence imposed upon him.[1]

Reynoza-Maldonado's guilty plea was unquestionably valid under Federal Rule of Criminal Procedure 11. The magistrate judge, serving at the plea hearing with the defendant's consent, performed a satisfactory Rule 11 colloquy. He determined, among other things, that Reynoza-Maldonado was fully competent and capable of entering an informed plea; that he was aware of the nature of the charges against him and the consequences of his plea; that there was an adequate factual basis for the plea; and that the plea was knowingly and voluntarily given. There are no grounds upon which Reynoza-Maldonado may successfully appeal his guilty plea.

Reynoza-Maldonado cannot appeal the sentence imposed upon him, because he has waived that right. Recognizing the value of plea bargaining to criminal defendants, the government, and the public, this court will generally enforce the waiver of appellate rights as part of a plea. *United States v. Hahn*,

---

[1] Reynoza-Maldonado's appellate waiver prohibits an appeal of "any sentence within the statutory range applicable to the statute(s) of conviction." Plea Agreement dated April 19, 2006, at 5.

359 F.3d 1315, 1318, 1328 (10th Cir. 2004) (en banc) (per curiam) (noting that for the government to receive the benefit of its bargain in a plea agreement, a defendant's knowing waiver of appeal should be upheld in an efficient manner). This court will enforce a criminal defendant's waiver of his right to appeal when: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) "the defendant knowingly and voluntarily waived his appellate rights," and (3) "enforcing the waiver [will not] result in a miscarriage of justice." *Id.* at 1325.

Pursuant to his plea agreement, Reynoza-Maldonado "knowingly waive[d] the right to appeal any sentence within the statutory range applicable to the statute(s) of conviction." Plea Agreement at 5. The district court imposed a 37-month sentence, which is within the guideline range of 37 to 46 months established by the defendant's criminal history and offense level. Based on our review of the record, we are satisfied that the current appeal is within the scope of Reynoza-Maldonado's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325–28. We therefore enforce the waiver.

For the reasons set forth above, we DISMISS Reynoza-Maldonado's appeal and GRANT his counsel's motion to withdraw from the case.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge